IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUDITH KAY NADLER, Individually and On
Behalf of Herself and All Others Similarly
Situated,

                        Plaintiff,

        v.

CHARMING SHOPPES, INC., MICHAEL
GOLDSTEIN, KATHERINE M. HUDSON,
BRUCE J. KLATSKY, ALAN ROSSKAMM,
RICHARD W. BENNETT III, ANTHONY M.
ROMANO, PAULA A. PRICE, ARNAUD
AJDLER, MICHAEL C. APPEL, and
MICHAEL J. BLITZER,

                       Defendants.

Case No. 2:12-cv-02838-HB

CLASS ACTION

## STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE

Pursuant to the parties' settlement agreement, all parties to the above-captioned matter do

hereby stipulate and agree that this matter shall be dismissed with prejudice, subject to the

Court's approval.

[Signature pages to follow]

Dated: April 17, 2013

Kenneth I. Trujillo (PA I.D. No. 46520)
Ira Neil Richards (PA I.D. No. 50879)
Jennifer E. Agnew (PA I.D. No. 206673)
Trujillo Rodriguez & Richards LLC
1717 Arch Street, Suite 3838
Philadelphia, PA 19103
Tel:  215-731-9004
Fax: 215-731-9044
ktrujillo@trrlaw.com
jagnew@trrlaw.com
ira@trrlaw.com

Gustavo F. Bruckner (*pro hac vice*)
Pomerantz Grossman Hufford Dahlstrom &
Gross LLP
600 Third Ave, 20th Floor
New York, NY 10016
Tel:  212-661-1100
gfbruckner@pomlaw.com

Ellen Gusikoff Stewart (*pro hac vice*)
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel:  619-231-1058
Fax: 619-231-7423
elleng@rgrdlaw.com

*Attorneys for Plaintiff*

Dated: April 18 2013

Michael F. Brown (PA I.D. No. 57024)
Kathryn E. Deal (PA I.D. No. 93891)
Tracy E. Schloss (PA I.D. No. 205824)
**DRINKER BIDDLE & REATH LLP**
One Logan Square, Ste. 2000
Philadelphia, PA  19103
Tel:  215-988-2700
Fax: 215-988-2757
Michael.Brown@dbr.com
Kathryn.Deal@dbr.com
Tracy.Schloss@dbr.com

*Attorneys for Defendant Charming Shoppes,
Inc.*

Dated: April 18, 2013

Jeffrey G. Trauger (PA I.D. No. 56008)
Grim, Biehn & Thatcher
104 S. 6th Street
Perkasie, PA 18944
Tel: 215-257-6811
jtrauger@grimlaw.com

*Attorney for Defendants Michael Goldstein,
Katherine Hudson, Bruce Klatsky, Alan
Rosskamm, Richard W. Bennet, III, Anthony
Romano, Paula Price, Arnaud Ajdler, Michael
Appel, and Michael Blitzer*

Dated: April ___, 2013

BY THE COURT:

_____
Bartle III, Harvey, J.

- 3 -

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JUDITH KAY NADLER, Individually and On Behalf of Herself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>     v.<br><br>CHARMING SHOPPES, INC., MICHAEL GOLDSTEIN, KATHERINE M. HUDSON, BRUCE J. KLATSKY, ALAN ROSSKAMM, RICHARD W. BENNETT III, ANTHONY M. ROMANO, PAULA A. PRICE, ARNAUD AJDLER, MICHAEL C. APPEL, and MICHAEL J. BLITZER,<br><br>                Defendants. | Case No. 2:12-cv-02838-HB<br><br>CLASS ACTION |

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that on this 18th day of April, 2013, copies of the foregoing

Stipulation of Voluntary Dismissal with Prejudice were served via first class mail, postage

prepaid upon the following:

| | |
|---|---|
| Kenneth I. Trujillo<br>Ira Neil Richards<br>Jennifer Agnew<br>TRUJILLO RODRIGUEZ & RICHARDS, LLP<br>1717 Arch Street, Suite 3838<br>Philadelphia, PA 19103 | Gustavo F. Bruckner<br>POMERANTZ HAUDEK GROSSMAN<br>& GROSS LLP<br>600 Third Ave, 20th Floor<br>New York, NY 10016 |
| Jeffrey G. Trauger<br>GRIM, BIEHN & THATCHER<br>104 S. 6th Street<br>Perkasie, PA 18944 | Ellen Gusikoff Stewart<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101 |
| | Tracy E. Schloss |

# Exhibit A

IN THE COURT OF COMMON PLEAS OF
BUCKS COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| In re CHARMING SHOPPES, INC.<br>DERIVATIVE AND CLASS ACTION<br>LITIGATION | ) <br> ) <br> ) <br> ) | Lead Case No. 2012-04154<br><br>STIPULATION OF SETTLEMENT |
| This Document Relates To:<br><br>    ALL ACTIONS. | ) <br> ) <br> ) <br> ) <br> ) | |

785083_3

This Stipulation of Settlement dated November ___, 2012 (the "Stipulation"), is entered into to settle and conclude both (1) the above-captioned action (the "State Court Action") pending in the Court of Common Pleas of Bucks County, Pennsylvania (the "Court") between plaintiffs Pamela Kraus, Philip E. Ricciardi, Mario Lamanna, Robert Steinfeld, and John Vineyard (the "State Court Plaintiffs") and defendants Arnaud Ajdler, Michael C. Appel, Richard W. Bennet, III, Michael J. Blitzer, Michael Goldstein, Katherine M. Hudson, Bruce J. Klatsky, Paula A. Price, Anthony M. Romano and Alan Rosskamm (collectively, "Director Defendants"), Charming Shoppes, Inc. ("Charming"), Ascena Retail Group, Inc. ("Ascena") and Colombia Acquisition Corp. ("Colombia"), and (2) the parallel action pending in the United States District Court for the Eastern District of Pennsylvania (the "Federal Court Action") between plaintiff Judith Kaye Nadler (the "Federal Plaintiff") and defendants Charming and the Director Defendants. The five State Court Plaintiffs and the Federal Plaintiff are collectively referred to herein as "Plaintiffs"; and the Director Defendants, Charming, Ascena and Colombia are collectively referred to as the "Defendants."

This Stipulation of Settlement, entered into by the Plaintiffs and the Defendants (together, the "Parties"), by and through their undersigned counsel, states all of the terms of the settlement and resolution and is intended by the Parties to fully and finally compromise, resolve, discharge, and settle the State Court Action, the Federal Court Action and the Settled Claims (defined below) subject to the approval of the Court of Common Pleas for the County of Bucks.

## I.    BACKGROUND TO THE SETTLEMENT

On May 2, 2012, Charming, Ascena, and Colombia, a wholly owned subsidiary of Ascena, announced that they had entered into an Agreement and Plan of Merger dated May 1, 2012 (the "Merger Agreement"). The Merger Agreement provided that Colombia would commence a tender offer for all of the issued and outstanding shares of Charming common stock at $7.35 per share (the "Tender Offer") and that upon Colombia's acquisition of more than fifty percent of Charming's

785083_3

- 1 -

outstanding common stock through the Tender Offer, Colombia would be merged with and into Charming, with Charming continuing as the surviving corporation and as a wholly owned subsidiary of Ascena (the "Merger," and with the Tender Offer, the "Transaction"). In the Merger, each issued and outstanding share of Charming common stock that was not tendered pursuant to the Tender Offer would (subject to certain exceptions) be converted into the right to receive $7.35 per share in cash.

By letter dated May 3, 2012, plaintiff Lamanna made a shareholder demand upon the Director Defendants requesting that the Director Defendants take remedial action on behalf of Charming, including filing a lawsuit against the Director Defendants, to remedy alleged breaches of fiduciary duty by the Director Defendants in approving the Transaction (the "Lamanna Demand"). On May 7, 2012, Charming sent plaintiff Lamanna a response to the Lamanna Demand advising plaintiff Lamanna that the Director Defendants had considered and rejected the Lamanna Demand.

On May 4, 2012, plaintiff Kraus filed a verified shareholder derivative complaint in the Court on behalf of nominal defendant Charming against the Director Defendants and Ascena alleging, among other things, that the Director Defendants breached their fiduciary duties in connection with approving the Transaction and that Ascena aided and abetted those breaches of fiduciary duty (the "Kraus Action").

On May 7, 2012, plaintiff Ricciardi filed a verified shareholder derivative and class action complaint in the Court against the Director Defendants, Ascena and Colombia alleging that the Director Defendants breached their fiduciary duties in connection with approving the Transaction and that Ascena and Colombia aided and abetted those breaches of fiduciary duty (the "Ricciardi Action").

On May 8, 2012, plaintiff Lamanna filed a complaint in the Court (the "Lamanna Complaint") asserting both direct and derivative claims and named as defendants the Director

- 2 -

785083_3

Defendants, Ascena and Colombia. The Lamanna Complaint alleged, among other things, that the Director Defendants engaged in waste of corporate assets and breached their fiduciary duties to Charming's shareholders in connection with the Transaction, and further claimed that Ascena and Colombia aided and abetted those alleged breaches of fiduciary duty.

On May 9, 2012, plaintiff Steinfeld filed a verified shareholder derivative complaint in the Court (the "Steinfeld Complaint"). The Steinfeld Complaint asserted claims derivatively on behalf of Charming and named as defendants the Director Defendants, Charming and Ascena. The Steinfeld Complaint alleged, among other things, that the Director Defendants breached their fiduciary duties to Charming's shareholders in connection with the Transaction, and further claimed that Ascena aided and abetted those alleged breaches of fiduciary duty. The Steinfeld Complaint further alleged that the Director Defendants engaged in abuse of control and gross mismanagement by approving the Transaction.

On May 11, 2012, plaintiffs Kraus, Ricciardi, Steinfeld and Lamanna filed a Motion to Consolidate Related Actions and Appoint Lead and Liaison Counsel seeking to consolidate the lawsuits each had filed and seeking the appointment of lead and liaison counsel for the prosecution of the consolidated action.

On May 15, 2012, Colombia commenced the Tender Offer and filed along with Ascena a Schedule TO (the "Schedule TO") with the U.S. Securities and Exchange Commission (the "SEC"). The Tender Offer was scheduled to expire on June 12, 2012.

On May 15, 2012, Charming filed with the SEC a Schedule 14D-9 (the "14D-9") containing information about the Transaction and containing the recommendation of Charming's Board of Directors that Charming's shareholders tender their shares pursuant to the Tender Offer, and, if required by law, approve the Merger Agreement and Merger.

785083_3

- 3 -

On May 18, 2012, counsel for plaintiffs Kraus, Ricciardi, Steinfeld and Lamanna filed motions for limited expedited discovery and motions for preliminary injunctive relief in each of the Kraus, Ricciardi, Steinfeld and Lamanna lawsuits.

On May 22, 2012, plaintiff Vineyard filed a verified class action and shareholder derivative complaint in the Court (the "Vineyard Complaint"). The Vineyard Complaint asserted claims derivatively on behalf of Charming and named as defendants the Director Defendants as well as Charming, Ascena and Colombia. The Vineyard Complaint alleged, among other things, that the Director Defendants breached their fiduciary duties to Charming's shareholders in connection with the Transaction, and further claimed that Ascena and Colombia aided and abetted those alleged breaches of fiduciary duty.

On May 23, 2012, plaintiffs Kraus, Ricciardi, Steinfeld, Lamanna and Vineyard and Charming, the Director Defendants, Ascena and Colombia filed a Stipulation and [Proposed] Order Regarding Consolidation of Related Actions and Appointment of Lead Counsel in the State Court Action pursuant to which the Kraus, Ricciardi, Steinfeld, Lamanna and Vineyard lawsuits would be consolidated into a single proceeding and lead and liaison counsel would be appointed ("Consolidation Stipulation").

On May 23, 2012, plaintiff Nadler filed an individual and class action complaint in the United States District Court for the Eastern District of Pennsylvania (the "Federal Court") against Charming and the Director Defendants alleging that they violated federal securities laws by disseminating the 14D-9 which purportedly contained material omissions and misleading information. Plaintiff Nadler also alleged that the Transaction was fundamentally unfair to Charming shareholders and should be enjoined pursuant to 15 Pa. C.S. Section 1105.

On May 24, 2012, the Honorable Clyde W. Waite signed the Consolidation Stipulation, ordering that the Kraus, Ricciardi, Steinfeld, Lamanna and Vineyard lawsuits be consolidated for all

- 4 -

785083_3

purposes and appointing lead and liaison counsel for the plaintiffs in the State Court Action. That same day, plaintiffs Kraus, Ricciardi, Steinfeld, Lamanna and Vineyard filed a Verified Amended Class Action and Derivative Complaint ("Amended Complaint"). The Amended Complaint asserted both direct and derivative claims and named as defendants the Director Defendants, Ascena and Colombia. The Amended Complaint alleged, among other things, that the Director Defendants engaged in waste of corporate assets and breached their fiduciary duties to Charming and Charming shareholders in connection with the Transaction, and further claimed that Ascena and Colombia aided and abetted those alleged breaches of fiduciary duty.

On May 25, 2012, counsel for the Defendants responded to the motion for limited expedited discovery and motion for preliminary injunction filed by plaintiffs Kraus, Ricciardi, Steinfeld and Lamanna. That same day, Defendants filed preliminary objections to the Amended Complaint in the form of demurrers.

On May 25, 2012, counsel for plaintiff Nadler filed a motion for expedited discovery asking the Federal Court to direct Charming and the Directors Defendants to produce documents and witnesses in anticipation of a motion for preliminary injunction that would be filed in the Federal Court Action.

On May 25 and 27, 2012, Charming produced documents regarding the Transaction to plaintiffs' counsel in the State Court Action, including minutes of meetings of the Director Defendants, minutes of meetings of Charming's compensation committee, and presentations that Barclays Capital, Inc., the financial advisor to the Directors Defendants, provided to the Director Defendants before they approved the Transaction.

Before and after Charming produced documents, lead counsel for plaintiffs in the State Court Action and counsel for Charming, later joined by counsel for the other Parties, engaged in ongoing

785083_3                              - 5 -

settlement discussions focused on a possible resolution that would involve supplemental disclosures by Charming concerning the Transaction.

On May 27, 2012, Plaintiffs identified the supplemental information Plaintiffs felt needed to be disclosed to Charming's shareholders in the 14D-9.

Without conceding that the requested disclosures were material, on May 29, 2012, a first draft of proposed supplemental disclosures to be included in the 14D-9 was provided by Charming's counsel to Plaintiffs' counsel.

On May 30, 2012, the Honorable Clyde W. Waite scheduled oral argument on Defendants' preliminary objections for June 1, 2012.

On May 30, 2012, the Honorable Harvey Bartle III directed Charming and the Director Defendants to file, on or before June 1, 2012, papers in opposition to the motion for expedited discovery pending in the Federal Court Action and to file papers in support of a motion to dismiss the complaint filed by plaintiff Nadler.  Judge Bartle further directed plaintiff Nadler to file responsive papers regarding the motion for expedited discovery and motion to dismiss on or before June 4, 2012.

On the evening of May 31, 2012, the Parties, through their respective counsel, agreed on the structure of a settlement (the "Settlement") pursuant to which Charming would make certain supplemental disclosures, which the Parties negotiated, concerning the Transaction (the "Supplemental Disclosures") in an amendment to the 14D-9.  Among other things, the Settlement resolves all the claims pending in the State Court Action and the Federal Court Action (collectively, the "Actions").

On May 31, 2012, the Parties entered into a Memorandum of Understanding ("MOU") outlining the basic terms of the Settlement and on June 1, 2012, Charming's counsel informed the Court and the Federal Court that the Parties had reached an agreement to settle the Actions.

785083_3

On June 1, 2012, Charming filed the Supplemental Disclosures with the SEC in an amendment to the 14D-9.

As of 11:59 p.m. on June 12, 2012, the holders of approximately 80.83 percent of Charming's outstanding stock had tendered their shares into the Tender Offer. Colombia purchased the shares tendered in the Tender Offer and thereafter completed the Merger on June 14, 2012.

In connection with the Settlement, Plaintiffs' Counsel (defined below) has conducted confirmatory discovery, including deposing two witnesses.

Defendants have denied, and continue to deny, that they have committed, or aided and abetted in the commission of, any violation of law or duty or engaged in any wrongful acts whatsoever; deny that any supplemental disclosure of information was required under any applicable state or federal law, statute, rule, or regulation; and maintain that they diligently and scrupulously complied with all applicable fiduciary, disclosure, and all other legal duties, and are settling these Actions solely to avoid the expense, burden, and uncertainty of continued litigation.

In negotiating and evaluating the terms of this Stipulation, Plaintiffs' counsel considered the significant legal and factual defenses to Plaintiffs' claims that Defendants raised and might have raised throughout the pendency of the Actions, and the entry by Plaintiffs into this Stipulation is not an admission as to the lack of merit of any claims asserted in the Actions. In addition, the Plaintiffs considered the benefits provided to the Class Members (defined below) through the provision of the Supplemental Disclosures, and Plaintiffs have agreed to the Settlement only because they believe that the Supplemental Disclosures provided Charming shareholders with the opportunity to make a more informed decision as to whether or not to tender into the Tender Offer, vote on the Merger and/or exercise dissenters' rights. Based upon their evaluation, Plaintiffs' counsel have determined that this Stipulation and the Settlement are fair, reasonable, and adequate and in the best interests of

- 7 -

Plaintiffs, Charming, and all Class Members (defined below), and that they confer substantial benefits upon the Class Members (defined below).

The Parties recognize the time and expense that would be incurred by further litigation and the uncertainties inherent in such litigation.

The Parties covenant and agree that neither the MOU nor this Stipulation, nor any of the terms and provisions of the MOU or this Stipulation, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the settlement proceedings, nor any statements in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or any wrongful conduct, acts or omission on the part of any of the Released Persons (defined below), or of any infirmity of any defense, or of any damage to either Plaintiffs or any Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Persons concerning any fact alleged or that could have been alleged, or any claim asserted or that could have been asserted in the Actions, or of any purported liability, fault, or wrongdoing of the Released Persons or of any injury or damages to any person or entity, or (b) otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that the Stipulation or Judgment (defined below) may be introduced in any proceeding, whether before the Court or any other court, as may be necessary to argue that the Stipulation or Judgment has res judicata, collateral estoppel, or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement or Judgment.

The Settlement of the Actions on the terms and conditions set forth herein includes but is not limited to a release of all claims asserted in the Actions and will have the effect of releasing all

- 8 -

claims asserted, or that could have been asserted, by any Charming shareholder, either directly or derivatively, relating to the Transaction, the Merger Agreement, the Tender Offer, the Merger, the 14D-9, the Schedule TO, or any information disseminated by Defendants in connection therewith.

The Settlement of the Actions on the terms and conditions set forth herein includes a release by Defendants and the Released Persons of Plaintiffs, members of the Class and their counsel from all claims arising out of the institution, prosecution, settlement or resolution of the Actions; provided, however, that the Defendants and the Released Persons shall retain the right in the Court or the Federal Court to enforce the terms of the Settlement.

NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED, by all Plaintiffs, for themselves and on behalf of the Class (defined below), and all Defendants that, subject to the approval of the Court pursuant to Rules 1506 and 1714 of the Pennsylvania Rules of Civil Procedure and the other conditions set forth herein, for good and valuable consideration set forth herein and conferred on Plaintiffs and the Class (directly or derivatively), the Actions shall be finally and fully settled, compromised and dismissed, on the merits and with prejudice, and that the Settled Claims (defined below) shall be finally and fully compromised, settled, released, and dismissed with prejudice as to the Released Persons (defined below), in the manner and upon the terms and conditions hereafter set forth.

1.    **Definitions**

The following capitalized terms, used in the Stipulation, shall have the meanings specified below.

1.1    "Class" means a conditionally certified non-opt out class, pursuant to Pennsylvania Rules of Civil Procedure 1702, 1708, and 1709, that includes any and all persons or entities who held shares of Charming common stock at any time between May 1, 2012 and June 14, 2012, either of record or beneficially, including any and all of their respective successors-in-interest,

- 9 -

785083_3

predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and specifically including Plaintiffs, but excluding Defendants, their subsidiary companies, affiliates, assigns, and members of their immediate families, as the case may be.

1.2   "Class Counsel" or "Plaintiffs' Counsel" means the law firms of Robbins Geller Rudman & Dowd LLP, Antheil Maslow & MacMinn, LLP, The Law Office of Debra S. Goodman, Powers Taylor LLP, The Briscoe Law Firm, PLLC, Ryan & Maniskas, LLP, Robbins Umeda LLP, Law Office of Alfred G. Yates, Jr., P.C., Begley, Carlin & Mandio, LLP, Bernstein Liebhard LLP, The Weiser Law Firm, P.C., Trujillo, Rodriguez & Richards, LLC and Pomerantz Grossman Hufford Dahlstrom & Gross LLP.

1.3   "Class Member" means a member of the Class.

1.4   "Court Approval" means entry of the Judgment.

1.5   "Effective Date" means the first business day following the date the Judgment becomes final and unappealable, whether by affirmance on or exhaustion of any possible appeal or review, allocatur, writ of certiorari, lapse of time or otherwise. The finality of the Judgment shall not be affected by any appeal or other proceeding regarding solely an application for attorneys' fees and expenses.

1.6   "Judgment" means the Order and Final Judgment to be entered by the Court in the State Court Action in the form attached as Exhibit "B" hereto.

1.7   Whether or not any or all of the following persons or entities were named, served with process, or appeared in the Actions, "Released Persons" means the Defendants and any of their respective families, parent entities, controlling persons, associates, predecessors, successors, affiliates or subsidiaries, and each and all of their respective past or present officers, directors, shareholders, stockholders, principals, representatives, employees, attorneys, financial or investment

- 10 -

785083_3

advisors, consultants, accountants, investment bankers, commercial bankers, entities providing fairness opinions, underwriters, brokers, dealers, insurers, reinsurers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, managers, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors, and assigns.

1.8    "Releasing Persons" means the Plaintiffs, for themselves and derivatively on behalf of Charming, and all Class Members.

1.9    "Settled Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues, and controversies of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including "Unknown Claims" (defined below), that any or all Plaintiffs or any or all Class Members ever had, now have, or may have, or otherwise could, can, or might assert, whether direct, derivative, individual, class, representative, legal, equitable, or of any other type, or in any other capacity, against any of the "Released Persons," whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule (including but not limited to any claims under federal securities laws or state disclosure law, or any claims that could be asserted derivatively on behalf of Charming), which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, alleged misrepresentations or omissions, allegations, facts, practices, events, claims, or any other matters, things, or causes whatsoever, or any series thereof, that were, could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved, or referred

- 11 -

to in, or related to, directly or indirectly, the Actions, or the subject matter thereof, in any court, tribunal, forum, or proceeding, including, without limitation, any and all claims which are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) the Tender Offer, Merger, Merger Agreement, Transaction, 14D-9 or Schedule TO, (ii) any actions, deliberations or negotiations in connection with the Merger Agreement or Transaction, or any alternatives thereto, including the process of deliberation or negotiation by each of Charming, Ascena or Colombia, and their respective officers, directors, employees, agents, accountants, consultants, attorneys, investment bankers, underwriters, and financial advisors, (iii) the consideration received (or to be received) by Class Members or by any other person or entity in connection with the Tender Offer or Merger, (iv) any disclosures made, or any alleged omissions, with respect to the Tender Offer, Merger, Merger Agreement or Transaction, including any disclosures in, or claimed omissions from, the 14D-9, the Schedule TO, the Supplemental Disclosures, or any other disclosures, public filings, periodic reports, press releases, proxy statements, or other statements issued, made available or filed relating, directly or indirectly, to the Merger Agreement or Transaction, including claims under the federal securities laws within the exclusive jurisdiction of the federal courts, (v) the fiduciary obligations of the Released Persons in connection with the Merger Agreement and Transaction, (vi) except as otherwise ordered by the Court in connection with the Settlement, the attorneys' fees, expenses, or costs incurred in prosecuting, defending, or settling the Actions, or (vii) any of the allegations in any complaints filed in the Actions; provided, however, that the Settled Claims shall not include any claims to enforce the Settlement or the right of any members of the Class to seek appraisal rights pursuant to Pennsylvania Business Corporation Law.

   1.10  "Settlement" means the settlement of the Actions between and among Plaintiffs, on behalf of themselves and the Class, as well as derivatively on behalf of Charming, and the Defendants, as set forth in this Stipulation.

- 12 -

1.11   "Settlement Hearing" means the hearing(s) to be held before the Court to determine (i) whether to certify the Class for settlement purposes, (ii) whether Plaintiffs and Class Counsel have adequately represented the Class, (iii) whether the Settlement should be approved as fair, reasonable, and adequate, (iv) whether the Settled Claims should be dismissed with prejudice, (v) whether Judgment approving the Settlement should be entered, (vi) whether an injunction against the prosecution of any of any Settled Claims should be entered, and (vii) whether and in what amount any attorneys' fees and expenses should be paid to Class Counsel by Charming, its successor-in-interest, or their respective insurer(s).

1.12   "Unknown Claims" means any claim that a Releasing Person does not know or suspect exists in his, her, or its favor at the time of the release of the Settled Claims as against the Released Persons, or any of them, including without limitation those that, if known, might have affected the decision to enter into the Settlement. The Settlement is intended to extinguish all Settled Claims and, consistent with such intentions, the Releasing Persons shall waive their rights to the extent permitted by state law, federal law, foreign law, or principle of common law, which may have the effect of limiting the release provided for herein.  This shall include a waiver by the Releasing Persons of any rights pursuant to §1542 of the California Civil Code (or any similar, comparable, or equivalent provision) which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE A MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Plaintiffs acknowledge, and the Class Members by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Settled Claims, but that it is the intention of the Plaintiffs, and by operation of law the Class Members, to completely, fully, finally, and forever, extinguish any and

- 13 -

all Settled Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. Plaintiffs acknowledge, and the Class Members by operation of law shall be deemed to have acknowledged, that inclusion of "Unknown Claims" in the definition of "Settled Claims" was separately bargained for and was a material element of the Settlement and was relied upon by each and all of the Defendants in entering into this Stipulation.

    2.    **Conditional Certification of Class**

    2.1    The Parties agree to the certification of the Class and the certification of plaintiffs Kraus, Ricciardi, Steinfeld, Lamanna and Vineyard as class representatives ("Class Representatives"), for the purposes of this Settlement only.

    2.2    The certification of the Class shall be binding only with respect to this Stipulation. In the event that this Stipulation is terminated pursuant to its terms or is not approved in all material respects by the Court, the Defendants withdraw from the Settlement pursuant to the terms hereof, the Effective Date does not occur, the Settlement otherwise does not become final for any reason, or the Judgment entered pursuant hereto is reversed, vacated, or modified in any material respect by the Court or any other court, the certification of the Class shall, except as provided in Paragraph 8.1, be deemed vacated, the Actions shall proceed as though the Class had never been certified, and no reference to certification of the Class, or to the Stipulation or any documents related thereto, shall be made by the Parties for any purpose, except as expressly authorized by the terms of this Stipulation. If any of the foregoing events occur, Defendants reserve the right to oppose certification of any plaintiff class in any future proceedings.

    3.    **Submission of the Settlement to the Court**

    3.1    As soon as practicable after this Stipulation has been executed, but in no event later than ten (10) business days thereafter, the Parties shall jointly apply to the Court for entry of an

- 14 -

785083_3

Order in the form attached hereto as Exhibit "A" (the "Scheduling Order"), providing for, among other things: (a) the mailing to the Class Members of the Notice of Proposed Settlement of Class Action, Derivative Action, Settlement Hearing and Right to Appear (the "Notice"), substantially in the form attached hereto as Exhibit "A-1" and (b) the scheduling of a Settlement Hearing to consider final approval of the Settlement.

4.    **Settlement Consideration and Scope of the Settlement**

4.1    The Supplemental Disclosures having been agreed to and provided in consideration for the full and final settlement and dismissal with prejudice of the Actions and the release of the Settled Claims, no Released Person shall have any obligation to pay or bear any additional amounts, expenses, costs, damages, or fees to or for the benefit of Plaintiffs, in either their individual capacity or derivatively on behalf of Charming, or any Class Members in connection with the Settlement, except that Charming (or its successor) shall (i) be responsible for providing Notice of the Settlement to the Class Members and shall pay all reasonable, documented costs and expenses incurred in providing Notice of the Settlement to the Class Members and (ii) be obligated to pay attorneys' fees and expenses to Class Counsel upon an award, if any, of attorneys' fees and expenses by the Court solely as provided in Paragraph 6.1 hereof.

4.2    At the Settlement Hearing, the Parties shall jointly request that the Judgment be entered substantially in the form attached hereto as Exhibit "B," which shall provide that:

(a)    the State Court Action and the Settled Claims are dismissed with prejudice, on the merits and without costs;

(b)    Plaintiffs and all Class Members, and their respective heirs, executors, administrators, estates, predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, agree to release and forever discharge, and by operation of the Judgment release and forever discharge, all Settled Claims as against the Released Persons;

- 15 -

785083_3

(c)     the Released Persons shall be deemed to be released and forever discharged from all of the Settled Claims;

(d)     Plaintiffs and all Class Members, and their respective heirs, executors, administrators, estates, predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, are forever barred and enjoined from commencing, instituting, or prosecuting any Settled Claims against any of the Released Persons in any forum whatsoever; and

(e)     Defendants and the Released Persons agree to release and forever discharge, and by operation of the Judgment forever release and discharge, Plaintiffs, each Class Member, and Class Counsel from all claims arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Actions and Settled Claims.

**5.     Conditions of Settlement**

5.1     This Stipulation shall be subject to the following conditions and, except as provided in Paragraph 8.1, shall be canceled and terminated unless:

(a)     the Court enters the Scheduling Order substantially in the form attached hereto as Exhibit "A";

(b)     the Court enters the Judgment substantially in the form attached hereto as Exhibit "B";

(c)     the Effective Date shall have occurred; and

(d)     the Federal Court Action shall be voluntarily dismissed with prejudice.

**6.     Attorneys' Fees and Expenses**

6.1     Class Counsel intend to petition the Court for an award of attorneys' fees and expenses in the State Court Action and to seek an award of fees and expenses in an amount not to exceed $525,000 in the aggregate (the "Fee Application").  Defendants agree that they will not object to the Fee Application to the extent it seeks an award of fees and expenses not in excess of

- 16 -

$525,000 in aggregate for all Plaintiffs' Counsel. Charming (or its successor or insurer) agrees to pay the amount of fees and expenses up to $525,000 (or any lesser amount) that is awarded to Class Counsel by the Court on the schedule and terms set forth below. Charming's (or its successor's or insurer's) obligation to pay attorneys' fees and expenses is subject to entry of the Judgment dismissing the State Court Action with prejudice, the voluntary dismissal of the Federal Court Action with prejudice, and Class Counsel's joint and several obligations to refund or repay any amounts paid (with accrued interest) to Charming, its successor-in-interest, or their insurer(s) if, for any reason, the Settlement or the fee award is overturned or reduced. Any award of attorneys' fees and expenses shall be in the sole discretion of the Court, and such an award shall not be a condition of the Settlement of the Actions or entry of the Judgment therein. Upon the entry of an order by the Court requiring it to do so, Charming, its successor-in-interest, or their insurer(s) shall pay or cause to be paid to liaison counsel in the State Court Action, on behalf of all Plaintiffs' Counsel, the amount (up to $525,000 in the aggregate) awarded by the Court as attorneys' fees and expenses within ten (10) days after the latest of (i) consummation of the Merger, (ii) issuance of the order awarding such attorneys' fees and expenses, (iii) entry of the Judgment dismissing the State Court Action with prejudice, or (iv) the voluntary dismissal of the Federal Court Action with prejudice.

7.     **Stay Pending Court Approval**

7.1     Subject to the Court's approval, the Parties agree to a stay of the Actions pending the occurrence of the Effective Date, except for such acts as may be necessary or appropriate to effectuate the Settlement. The Parties also agree to use their best efforts to prevent, stay, and seek the dismissal of, and oppose entry of any interim or final relief in favor of any Class Member in, any proceeding against any of the Released Persons that challenges the Settlement, the Tender Offer, the Merger (including any transactions contemplated thereby), or otherwise involves, directly or indirectly, a Settled Claim.

- 17 -

8.    **Effect of Disapproval, Cancellation, or Termination**

8.1     If either (a) the Court does not enter the Judgment in substantially the form of Exhibit "B" hereto, (b) the Court enters the Judgment but on or following appellate review the Judgment is modified or reversed in any material respect, or (c) any other condition of Paragraph 5.1 hereof is not satisfied, this Stipulation shall be canceled and terminated unless counsel for each of the Parties to this Stipulation, within (10) business days from receipt of such ruling or event, agrees in writing with counsel for the other Parties hereto to proceed with this Stipulation and Settlement, including only with such modifications, if any, as to which all other Parties in their sole judgment and discretion may agree.  For purposes of this Paragraph, an intent to proceed shall not be valid unless it is expressed in a signed writing.  Neither a modification nor a reversal on appeal of the amount of attorneys' fees and expenses awarded by the Court to Class Counsel shall be deemed a material modification of the Judgment or this Stipulation.  Notwithstanding any other provision hereof, all Defendants shall have the right to withdraw from the Settlement in the event that any claim related to the subject matter of the Actions, the Tender Offer, the Merger, or the Settled Claims is commenced or prosecuted against any of the Released Persons in any court prior to the occurrence of the Effective Date, subject to the limitation that before Defendants may withdraw, the Parties must first make a good faith effort to dismiss or stay such action pursuant to the obligations set forth in Paragraph 7.1 hereof.

8.2     If the Effective Date does not occur, if this Stipulation is disapproved, canceled, or terminated pursuant to its terms, or if Defendants withdraw from the Settlement pursuant to Paragraph 8.1 hereof, all the Parties to this Stipulation shall be deemed to have reverted to their respective litigation status immediately prior to the execution of the MOU, and they shall proceed in all respects as if the MOU and this Stipulation had not been executed (except for Paragraphs 2.2, 8.1-8.2, 9.1, 9.6-9.11, 9.14-9.16 hereof and the joint and several refund obligations of Class Counsel

- 18 -

set forth in Paragraph 6.1 hereof, which shall survive the occurrence of any such event) and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Actions shall be preserved without prejudice in any way whatsoever. Furthermore, if any such event occurs, Plaintiffs and Class Counsel agree that neither the MOU nor this Stipulation, nor any communications between the Parties, or their counsel, made in connection with the negotiation of the MOU or this Stipulation, may be used or entitle any Party to recover any attorneys' fees or expenses incurred in connection with the Actions or in connection with any other litigation or judicial proceeding.

9.    **Miscellaneous Provisions**

9.1    All of the Exhibits referred to herein shall be incorporated by reference as though fully set forth herein.

9.2    This Stipulation may be amended or modified only by written instrument signed by counsel for each of the Parties hereto or their successors.

9.3    The Parties represent and agree that the terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect a resolution that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

9.4    If any deadline set forth in this Stipulation or the Exhibits hereto falls on a Saturday, Sunday, or legal holiday, that deadline will be continued to the next business day.

9.5    The headings in the Stipulation are solely for the convenience of the attorneys for the Parties and the Court. The headings shall not be deemed to be part of this Stipulation and shall not be considered in construing or interpreting this Stipulation.

9.6    Neither the MOU nor this Stipulation, nor the fact or any terms of the Settlement, is evidence, or an admission or concession by any Party in the Actions, any signatory hereto, or any

- 19 -

785083_3

Released Person, of any fault, liability, or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Actions, or any other actions or proceedings. Neither the MOU nor this Stipulation is a finding or evidence of the validity or invalidity of any claims or defenses in the Actions, any wrongdoing by any Released Person, or any damages or injury to any Class Member. Neither the MOU nor this Stipulation, nor any of the terms and provisions of the MOU or this Stipulation, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the settlement proceedings, nor any statements in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or any wrongful conduct, acts or omission on the part of any of the Released Persons, or of any infirmity of any defense, or of any damage to any Plaintiff or Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Persons concerning any fact alleged or that could have been alleged, or any claim asserted or that could have been asserted in the Actions, or of any purported liability, fault, or wrongdoing of the Released Persons or of any injury or damages to any person or entity, or (b) otherwise be admissible, referred to or used in any proceeding of any nature, in any forum, for any purpose whatsoever; provided, however, that the Stipulation and/or Judgment may be introduced in any proceeding, whether before the Court or otherwise, as may be necessary to argue that the Stipulation and/or Judgment has res judicata, collateral estoppel, or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement or Judgment.

9.7     In the event that the Court or any other court is called upon to interpret this Stipulation, no Party or group of Parties shall be deemed to have drafted this Stipulation.

- 20 -

785083_3

9.8     Unless otherwise ordered by the Court, the Confidentiality and Nondisclosure Agreement executed by the Parties shall survive this Stipulation and remain binding on the signatories thereto.

9.9     The waiver by any Party of any breach of the Stipulation by any other Party shall not be deemed a waiver of that or any other prior or subsequent breach of any provision of the Stipulation by any other Party.

9.10    This Stipulation and the Exhibits hereto constitute the entire agreement among the Parties and supersede any prior agreements among the Parties with respect to the subject matter hereof. No representations, warranties, or inducements have been made to or relied upon by any Party concerning this Stipulation or its Exhibits, other than the representations, warranties, and covenants expressly set forth in such documents.

9.11    This Stipulation may be executed in one or more counterparts, including by facsimile and electronic mail, and so executed shall constitute one agreement.

9.12    The Parties and their respective counsel of record agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Stipulation (including, but not limited to, using their best efforts to resolve any objections raised to the Settlement).

9.13    Plaintiffs and Class Counsel represent and warrant that Plaintiffs have each been continuous holders of Charming common stock throughout the period from May 1, 2012 through June 14, 2012 and are Class Members, and that none of the Plaintiffs' claims or causes of action that constitute Settled Claims have been assigned, encumbered, or otherwise transferred in any manner in whole or in part.

9.14    Each counsel signing this Stipulation represents and warrants that such counsel has been duly empowered and authorized to sign this Stipulation on behalf of his or her clients.

- 21 -

785083_3

9.15    This Stipulation shall be binding upon and shall inure to the benefit of the Parties hereto and the Class (and, in the case of the releases, all Released Persons) and the respective legal representatives, heirs, executors, administrators, transferees, successors and assigns of all such foregoing persons and upon any corporation, partnership, or other legal entity into or with which any Party may merge, consolidate, or reorganize.

9.16    Defendants have vigorously denied, and continue to deny vigorously, any wrongdoing or liability with respect to all claims asserted in the Actions, including that they have committed any violations of law, that they have acted improperly in any way, that they have any liability or owe any damages of any kind to Plaintiffs or the Class, and that any additional disclosures (including the Supplemental Disclosures) are or were required under any applicable rule, regulation, statute, or law.  Defendants are entering into this Stipulation solely because they considered, and continue to consider, it desirable that the Actions be settled and dismissed with prejudice in order to, among other things, (i) eliminate the burden, inconvenience, expense, risk, and distraction of further litigation, and (ii) finally put to rest and terminate all the claims that were or could have been asserted against the Defendants in the Actions.

9.17    The Settlement and Stipulation, and any and all disputes arising out of or relating in any way to the Settlement or Stipulation, whether in contract, tort, or otherwise, shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without regard to conflict of law principles. Each of the Parties (i) irrevocably submits to the personal jurisdiction of the Bucks County Court of Common Pleas or the United States District Court for the Eastern District of Pennsylvania, as well as to the jurisdiction of all courts to which an appeal may be taken from such courts, in any suit, action, or proceeding arising out of or relating in any way to the Settlement or Stipulation, (ii) agrees that all claims in connection with such suit, action, or proceeding shall be brought, heard, and determined exclusively in the Bucks County Court of Common Pleas or the

- 22 -

785083_3

United States District Court for the Eastern District of Pennsylvania, (iii) agrees that it shall not attempt to deny or defeat personal jurisdiction, (iv) agrees not to bring any suit, action, or proceeding arising out of or relating in any way to the Settlement or Stipulation in any other court, and (v) expressly waives, and agrees not to plead or make any claim that any such suit, action, or proceeding is subject (in whole or in part) to a jury trial. Each of the Parties waives any defense of inconvenient forum to maintenance of any suit, action, or proceeding brought in accordance with this Paragraph. Each of the Parties further consents and agrees that process in any such suit, action, or proceeding may be served on such Party by certified mail, return receipt requested, addressed to such Party or such Party's registered agent in the state of its incorporation or organization, or in any other manner provided by law.

IN WITNESS WHEREOF, the Parties, through their undersigned counsel, have executed this Stipulation of Settlement effective as of the date first set forth above.

ROBBINS GELLER RUDMAN
   & DOWD LLP
RANDALL J. BARON
A. RICK R. ATWOOD, JR.
DAVID T. WISSBROECKER
STEVEN M. JODLOWSKI
CODY R. LeJEUNE

DAVID T. WISSBROECKER

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Attorneys for Plaintiffs Pamela Kraus, Robert
Steinfeld and John Vineyard

- 23 -

785083_3

THE LAW OFFICE OF DEBRA S. GOODMAN
DEBRA S. GOODMAN
1301 Skippack Pike
Suite 7A, # 133
Blue Bell, PA  19422
Telephone:  610/277-6057
484/231-1922 (fax)

Attorneys for Plaintiff Pamela Kraus

POWERS TAYLOR LLP
PATRICK W. POWERS
ZACHERY GROOVER
Campbell Center II
8150 North Central Expressway, Suite 1575
Dallas, TX 75206
Telephone:  214/239-8900
214/239-8901 (fax)

THE BRISCOE LAW FIRM, PLLC
WILLIE C. BRISCOE
State Bar No. 24001788
8117 Preston Road, Suite 300
Dallas, TX  75225
Telephone:  214/706-9314
214/706-9315 (fax)

Attorneys for Plaintiffs Robert Steinfeld and John
Vineyard

ANTHEIL MASLOW & MACMINN, LLP
WILLIAM T. MACMINN
Attorney I.D. # 25597
131 W. State Street
Post Office Box 50
Doylestown, PA  18901
Telephone:  215/230-7500
215/230-7796 (fax)

Local Counsel for Plaintiffs Pamela Kraus,
Robert Steinfeld and John Vineyard

- 24 -

785083_3

RYAN & MANISKAS, LLP
RICHARD A. MANISKAS

_____
               RICHARD A. MANISKAS

995 Old Eagle School Road, Suite 311
Wayne, PA  19087
Telephone:  484/588-5516
484/450-2582 (fax)

ROBBINS UMEDA LLP
BRIAN J. ROBBINS
STEPHEN J. ODDO
ARSHAN AMIRI
EDWARD B. GERARD
JUSTIN D. RIEGER
600 B Street, Suite 1900
San Diego, CA  92101
Telephone:  619/525-3990
619/525-3991 (fax)

LAW OFFICE OF ALFRED G.
   YATES, JR., P.C.
ALFRED G. YATES, JR.
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219
Telephone:  412/391-5164
412/471-1033 (fax)

Attorneys for Plaintiff Philip E. Ricciardi

BEGLEY, CARLIN & MANDIO, LLP
DOUGLAS C. MALONEY

_____
               DOUGLAS C. MALONEY

680 Middletown Blvd.
Langhorne, PA 19047
Telephone: 215/750-0110

- 25 -

785083_3

RYAN & MANISKAS, LLP
RICHARD A. MANISKAS

_____

RICHARD A. MANISKAS

995 Old Eagle School Road, Suite 311
Wayne, PA  19087
Telephone:  484/588-5516
484/450-2582 (fax)

ROBBINS UMEDA LLP
BRIAN J. ROBBINS
STEPHEN J. ODDO
ARSHAN AMIRI
EDWARD B. GERARD
JUSTIN D. RIEGER
600 B Street, Suite 1900
San Diego, CA  92101
Telephone:  619/525-3990
619/525-3991 (fax)

LAW OFFICE OF ALFRED G.
    YATES, JR., P.C.
ALFRED G. YATES, JR.
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219
Telephone:  412/391-5164
412/471-1033 (fax)

Attorneys for Plaintiff Philip E. Ricciardi

BEGLEY, CARLIN & MANDIO, LLP
DOUGLAS C. MALONEY

_____  (VTO)
DOUGLAS C. MALONEY

680 Middletown Blvd.
Langhorne, PA 19047
Telephone:  215/750-0110

- 25 -

785083_3

BERNSTEIN LIEBHARD LLP
U. SETH OTTENSOSER
JOSEPH R. BEIGE
JOSEPH R. SEIDMAN, JR.
10 East 40th Street
New York, NY  10016
Telephone:  212/779-1414
212/779-3218 (fax)

THE WEISER LAW FIRM, P.C.
PATRICIA WEISER
JOSEPH M. PROFY
22 Cassatt Avenue
Berwyn, PA  19312
Telephone:  610/225-2677
610/408-8062 (fax)

Attorneys for Plaintiff Mario Lamanna

POMERANTZ GROSSMAN HUFFORD
   DAHLSTROM & GROSS LLP
GUSTAVO F. BRUCKNER
SAMUEL J. ADAMS

_____
          GUSTAVO F. BRUCKNER

600 Third Avenue
New York, NY  10016
Telephone:  212/661-1100
212/661-8665 (fax)

TRUJILLO RODRIGUEZ & RICHARDS, LLC
KENNETH I. TRUJILLO
IRA NEIL RICHARDS
JENNIFER AGNEW
1717 Arch Street, Suite 3838
Philadelphia, PA  19103
Telephone:  215/731-9004
215/731-9044 (fax)

Attorneys for Plaintiff Judith Kaye Nadler

- 26 -

78S083_3

DRINKER BIDDLE & REATH LLP
MICHAEL F. BROWN

MICHAEL F. BROWN

One Logan Square, Suite 2000
Philadelphia, PA 19103
Telephone:  215/988-2700
215/988-2757 (fax)

Attorneys for Charming Shoppes, Inc.

GRIM, BIEHN & THATCHER
JEFFREY G. TRAUGER

JEFFREY G. TRAUGER

104/S. 6th Street
P.O. Box 215
Perkasie, PA 18944
Telephone:  215/257-6811
215/257-5374 (fax)

SCHULTE ROTH & ZABEL LLP
MICHAEL E. SWARTZ
919 Third Avenue
New York, NY  10022
Telephone:  212/756-2000
212/593-5955 (fax)

Attorneys for Defendants Michael Goldstein,
Arnaud Ajdler, Michael C. Appel, Richard W.
Bennet, III, Michael J. Blitzer, Katherine M.
Hudson, Bruce J. Klatsky, Paula A. Price,
Anthony M. Romano and Alan Rosskamm

- 27 -

785083_3

PEPPER HAMILTON LLP
JAY A. DUBOW

_____
JAY A. DUBOW

3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
Telephone: 215/981-4000
215/981-4750 (fax)

PROSKAUER ROSE LLP
SARAH S. GOLD
Eleven Times Square
Eighth Avenue & 41st Street
New York, NY 10036-8299
Telephone: 212/969-3000
212/969-2900 (fax)

Attorneys for Defendants Ascena Retail Group,
Inc. and Colombia Acquisition Corp.

- 28 -

# Exhibit B

IN THE COURT OF COMMON PLEAS OF
BUCKS COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| In re CHARMING SHOPPES, INC.<br>DERIVATIVE AND CLASS ACTION<br>LITIGATION | )<br>)<br>)<br>) | Lead Case No. 2012-04154<br><br>ORDER AND FINAL JUDGMENT |
| This Document Relates To:<br><br>    ALL ACTIONS. | )<br>)<br>)<br>)<br>) | |



RECEIVED
APR - 8 2013

RECEIVED
2013 MAR 20  A 9: 52
PROTHONOTARY
OF BUCKS COUNTY

823564_1

On this ___ day of _____, 2013, a hearing having been held before this Court to determine whether the terms and conditions of the Stipulation of Settlement dated November 26, 2012 ("Stipulation"),[1] and the terms and conditions of the settlement proposed in the Stipulation (the "Settlement") are fair, reasonable, and adequate for the settlement of all claims asserted in this class and derivative action (the "Action"); and whether an order and final judgment should be entered in the Action; and the Court having considered all matters submitted to it at the hearing and otherwise:

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.       The mailing of the Notice of Proposed Settlement of Class Action, Derivative Action, Settlement Hearing and Right to Appear (the "Notice") pursuant to and in the manner prescribed in the Order for Notice and Scheduling of Hearing on Settlement entered on January 2, 2013 (the "Scheduling Order"), is hereby determined to be the best notice practicable under the circumstances and in full compliance with Rules 1714 and 1506 of the Pennsylvania Rules of Civil Procedure, the requirements of due process and applicable law. It is further determined that all Class Members are bound by this Order and Final Judgment ("Judgment").

2.       The Court finds that the Action is a proper class action pursuant to Rules 1702, 1708, and 1709 of the Pennsylvania Rules of Civil Procedure and hereby certifies a non-opt out class as consisting of

> any and all persons or entities who held shares of Charming Shoppes, Inc. common stock at any time between May 1, 2012 and June 14, 2012, either of record or beneficially, including any and all of their respective successors-in-interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and specifically including Plaintiffs, but excluding Defendants, their subsidiary companies, affiliates, assigns, and members of their immediate families, as the case may be.

---

[1]       Capitalized terms (other than proper nouns) that are not defined herein shall have the meanings set forth in the Stipulation.

823564_1

3.      Specifically, the Court finds that the Class satisfies the numerosity requirement of Rule 1708(a)(2). As of May 1, 2012, there were over 116 million shares of common stock ("Shares") of Charming Shoppes, Inc. ("Charming") issued and outstanding held by thousands of record and beneficial holders that comprise the Class. There are common issues of fact and law sufficient to satisfy Rule 1708(a)(1), including whether the disclosures made by Charming in connection with the Transaction were adequate, whether the Director Defendants breached any alleged fiduciary duties to the Class Members, whether Ascena and/or Colombia aided and abetted any alleged breach of any such alleged fiduciary duties, and whether the Plaintiffs in this Action and Class Members were injured as a consequence of any of the Defendants' actions. The prosecution of separate actions by or against Class Members would create a risk of inconsistent adjudications with respect to Class Members, which might confront the Defendants with incompatible standards of conduct, and, as a practical matter, adjudications with respect to individual Class Members would be dispositive of the interests of other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests, thereby satisfying Rule 1708(a)(3). Other than the actions that are the subject of the Stipulation, there are no other pending lawsuits by the Class Members involving any of the same issues, thereby satisfying Rule 1708(a)(4). This forum is appropriate for the litigation, and resolution, of the claims of the entire Class, thereby satisfying Rule 1708(a)(5). Given the complexities of the issues in this Action, as well as the expenses of litigation, the separate claims of individual Class Members are insufficient in amount to support separate actions, thereby satisfying Rule 1708(a)(6). The Court has also considered the possible recoveries by individual Class Members in relation to the expense and effort of administering the Action as a class action, thereby satisfying Rule 1708(a)(7). The Defendants have acted, or refused to act, on grounds generally applicable to the Class, thereby making final equitable or declaratory relief appropriate with respect to the Class, satisfying Rule 1708(b)(2). The Court also finds that the

- 2 -

Plaintiffs (Pamela Kraus, Philip E. Ricciardi, Robert Steinfeld, Mario Lamanna and John Vineyard) and Class Counsel fairly and adequately represent the Class, lack any conflicts of interest, and have adequate financial resources to assure that the interests of the Class will not be harmed, thereby satisfying Rule 1709.

4.     The Court also finds that the Plaintiffs and Class Counsel fairly and adequately represent the shareholders of Charming in accordance with Rule 1506(c).

5.     The settlement of this Action as provided in the Stipulation is approved as fair, reasonable, and adequate, and in the best interests of Plaintiffs, the Class, and Charming.

6.     The parties to the Stipulation are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions thereof, and the Prothonotary is directed to enter and docket this Judgment.

7.     This Action and the Settled Claims (as defined in the Stipulation) are hereby dismissed on the merits and with prejudice, and without costs, in full and final discharge of any and all claims or obligations that were or could have been asserted against the Defendants in the Action or in the parallel federal action.

8.     Plaintiffs and all Class Members, and their respective heirs, executors, administrators, estates, predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, release and forever discharge all Settled Claims as against all Released Persons. The Released Persons shall be deemed to be, and by operation of this Judgment are, released and forever discharged from all of the Settled Claims.

9.     Plaintiffs and all Class Members, and their respective heirs, executors, administrators, estates, predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, are forever barred and enjoined from commencing, instituting, or prosecuting, either directly or in any other capacity, any Settled Claims against any of the Released Persons in any forum whatsoever.

- 3 -

823564_1

10.     Defendants and the Released Persons agree to release and forever discharge, and by operation of this Judgment forever release and discharge, Plaintiffs, each Class Member, and Class Counsel from all claims arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action and Settled Claims.

11.     Neither the MOU, the Stipulation or this Judgment, nor any of the terms and provisions of the MOU, the Stipulation or this Judgment, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the settlement proceedings, nor any statements in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or any wrongful conduct, acts or omission on the part of any of the Released Persons, or of any infirmity of any defense, or of any damage to any Plaintiff or Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Persons concerning any fact alleged or that could have been alleged, or any claim asserted or that could have been asserted in the Action, or of any purported liability, fault, or wrongdoing of the Released Persons or of any injury or damages to any person or entity, or (b) otherwise be admissible, referred to or used in any proceeding of any nature, in any forum, for any purpose whatsoever; *provided, however,* that the Stipulation and/or Judgment may be introduced in any proceeding, whether before this Court or otherwise, as may be necessary to argue that the Stipulation and/or Judgment has *res judicata*, collateral estoppel, or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement or Judgment.

12.     Class Counsel are hereby awarded attorneys' fees and expenses in the sum of $470,000 + 30,000 *expenses* in connection with the Action, which sum the Court finds to be fair and reasonable (the "Fee Award"). The Fee Award shall be paid pursuant to the terms of the Stipulation.

- 4 -

13.     If the Effective Date does not occur, if the Stipulation is disapproved, canceled, or terminated pursuant to its terms, or if the Defendants withdraw from the Settlement pursuant to Paragraph 8.1 of the Stipulation, all the parties to the Stipulation shall be deemed to have reverted to their respective litigation status immediately prior to the execution of the MOU, and they shall proceed in all respects as if the MOU and the Stipulation had not been executed (except for Paragraphs 2.2, 8.1-8.2, 9.1, 9.6-9.11, 9.14-9.16 of the Stipulation and the joint and several refund obligations of Class Counsel set forth in Paragraph 6.1 of the Stipulation, which shall survive the occurrence of any such event) and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice in any way whatsoever.

14.     The binding effect of this Judgment and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Judgment that relates solely to the issue of any application for an award of attorneys' fees and expenses.

15.     All Class Members shall be and are deemed bound by the Stipulation and this Judgment. This Judgment, including the release of all Settled Claims against all Released Persons, shall have *res judicata* and other preclusive effect in all pending and future lawsuits, arbitrations, or other proceedings maintained by or on behalf of any of the Plaintiffs and all other Class Members, as well as their respective heirs, executors, administrators, estates, predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns and anyone claiming through or on behalf of any of them.

16.     Without further order of this Court, the parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Stipulation.

- 5 -

17.     Without affecting the finality of this Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

18.     The Court has considered the objection of Mary M. Finch and finds the objection without merit and the objection is hereby overruled.

DATED: _April 3_, 2013

_____
CLYDE W. WAITE, J.

**N.B.   It is your responsibility
to notify all interested parties
of the above action.**

- 6 -

823564_1

COPIES TO:

2012-04154


William T. MacMinn, Esquire
Antheil Maslow & MacMinn, LLP
131 W. State Street
P.O. Box 50
Doylestown, PA 18901
*Local Counsel*

David T. Wissbroecker, Esquire
Randall J. Baron, Esquire
A. Rick Atwood, Jr., Esquire
Steven M. Jodlowski, Esquire
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Debra S. Goodman, Esquire
The Law Offices of Debra S. Goodman
1301 Skippack Pike
Suite 7A, #133
Blue Bell, PA 19422
*Attorneys for Plaintiff*